UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>    Plaintiff,<br><br>v.<br><br>H. SHIRLEY, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00938-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT AGAINST DEFENDANT SHIRLEY BASED ON ALLEGATIONS THAT SHE MISALLOCATED FEDERAL FUNDS BE DISMISSED WITH PREJUDICE<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Aaron D. Seymour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff's complaint was filed on July 29, 2022 (ECF No. 1), after Plaintiff's previous suit, which included the allegations, was dismissed without prejudice because Plaintiff failed to exhaust available administrative remedies prior to filing the operative complaint, Seymour v. Shirley (Seymour I), E.D. CA, Case No. 1:21-cv-01485, ECF Nos. 13 & 50. Plaintiff generally alleges that the water at Wasco State Prison is contaminated, and that Defendants have not appropriately responded to the issue.

In a concurrently filed order, the Court screened Plaintiff's complaint. In that order, the Court allowed Plaintiff's complaint to proceed on his Eighth Amendment conditions of confinement claims against defendants Shirley, Degough, and Cronjager based on allegations

1

that they knew the water at Wasco State Prison is contaminated but failed to respond appropriately.

However, Plaintiff also asserts an Eighth Amendment conditions of confinement claim against defendant Shirley based on allegations that she misallocated federal funds. Plaintiff alleges that defendant Shirley, the Warden, misallocated federal funds from the Wasco State Prison treasury for her and her colleagues' personal use. This depleted financial resources in place to combat and correctly treat the infectious water and to remove the G.A.C. system that has only exacerbated the problem. Defendant Shirley chose to withhold money that clearly would have been better suited going to the inmate canteen for the purchasing of clean bottled drinking water for inmates to buy. This would have reduced Plaintiff's exposure to the carcinogenic chemical in the water.

The Court finds that this claim fails because Plaintiff fails to sufficiently allege that defendant Shirley misallocated federal funds. Plaintiff's allegations regarding the alleged theft are conclusory. Plaintiff provides no allegations regarding the alleged misallocation of funds, such as when it happened, how much was misallocated, or how Plaintiff knows of such misallocation. Therefore, the Court finds that this claim should be dismissed. As the Court previously explained to Plaintiff why this claim was deficient, <u>Seymour 1</u>, ECF No. 14, p. 12 n.3 & ECF No. 18,[1] and as Plaintiff failed to cure the deficiency, the Court finds that further leave to amend would be futile.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Eighth Amendment conditions of confinement against defendant Shirley based on allegations that she misallocated federal funds be DISMISSED with prejudice.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may

---

[1] Plaintiff originally filed these claims in <u>Seymour 1</u>, E.D. CA, Case No. 1:21-cv-01485, but Plaintiff's operative complaint was dismissed because Plaintiff failed to exhaust available administrative remedies before filing the operative complaint. Plaintiff's complaint was then filed in this case.

file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2022**                                       /s/ *Erica P. Grosjean*
                                                                          UNITED STATES MAGISTRATE JUDGE