| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON D. SEYMOUR, | | Case No. 1:22-cv-00938-JLT-EPG (PC) |
| | Plaintiff, | ORDER RE: PLAINTIFF'S AFFIDVAIT FOR ENTRY OF DEFAULT |
| v. | | ORDER DIRECTING CLERK TO ENTER DEFAULT AGAINST DEFENDANT SCOTT DEGOUGH |
| H. SHIRLEY, et al., | | |
| | Defendants. | (ECF No. 24) |

Aaron D. Seymour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. The Court screened Plaintiff's complaint and allowed the case to proceed on Plaintiff's Eighth Amendment conditions of confinement claims against defendants Shirley, Degough, and Cronjager. (ECF No. 9). Defendants filed their waiver of service on October 13, 2022. (ECF No. 15). On November 14, 2022, the Court granted Defendants until February 13, 2023, to file their responsive pleading. (ECF No. 18). On February 9, 2023, defendants Shirley and Cronjager filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20).

On February 24, 2023, Plaintiff filed what the Court construes as an affidavit for entry of default (ECF No. 24), which is now before this Court. Plaintiff states that Defendants had until February 13, 2013, to file an answer. While defendants Shirley and Cronjager filed a motion to

dismiss, that motion was denied and the Court did not stay any deadlines.[1] Plaintiff asks the Court to enter a default pursuant to Federal Rule of Civil Procedure 55.

As to defendants Shirley and Cronjager, as they filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and as the Court did not set a different time, these defendants have fourteen days after notice of the district judge's order denying the motion to file their responsive pleading. Fed. R. Civ. P. 4(a)(A) ("Unless the court sets a different time, serving a motion under [Rule 12] alters these periods as follows … if the court denies the motion … the responsive pleading must be served within 14 days after notice of the court's action."). As their deadline to file a responsive pleading has not yet run, these defendants have not defaulted, and the Court will not direct the Clerk of Court to enter their default.

As to defendant Degough, defendant Degough waived service and acknowledged that failure to file an answer or a motion under Rule 12 within sixty days of September 16, 2022, could lead to a default judgment. (ECF No. 15). While the Court extended the deadline to file a responsive pleading to February 13, 2023 (ECF No. 18), this extended deadline has passed and defendant Degough has not filed a responsive pleading or otherwise responded to the complaint. Accordingly, the Court will direct the Clerk of Court to enter defendant Degough's default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Accordingly, based on the foregoing, IT IS ORDERED that the Clerk of Court is directed to enter default against defendant Degough.
IT IS SO ORDERED.

Dated: **February 27, 2023**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Court did not deny defendants Shirley and Cronjager's motion to dismiss. Instead, it entered findings and recommendations (ECF No. 21), which will be addressed by the assigned district judge.