# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. SHIRLEY, et al.,<br><br>　　　　Defendants. | No. 1:22-cv-00938-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING DEFENDANTS CRONJAGER AND SHIRLEY'S MOTION TO DISMISS<br><br>(Docs. 20, 21) |

Aaron D. Seymour is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 9, 2023, defendants Cronjager and Shirley ("moving Defendants") moved "to dismiss the complaint against them because Seymour failed to allege sufficient facts to state an Eighth Amendment conditions of confinement claim against these Defendants." (Doc. 20 at 1.) On February 10, 2023, the assigned magistrate judge entered findings and recommendations, recommending "that Defendants' motion to dismiss (Doc. 20) be DENIED." (Doc. 21 at 12.)

The parties were provided an opportunity to file objections to the findings and recommendations. On February 23, 2023, Plaintiff filed a document titled "Objections to Magistrate Judge's Findings & Recommendations." (Doc. 22.) Despite the title, in the document Plaintiff does not identify any disagreements with the findings and recommendations. On

1

February 24, 2023, moving Defendants jointly filed their objections to the findings and recommendations. (Doc. 23.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Moving Defendants raise several objections. Among other things, they argue that the complaint does not sufficiently allege that each of them had knowledge of the alleged water contamination or that, with such knowledge, each acted or failed to act in a manner that violated the Eighth Amendment. (*See* Doc. 23 at 7–8 & n. 2.) As the findings and recommendations point out, the Complaint alleges that there was media coverage about the "rampant harm" caused by the contamination, which is sufficient to suggest widespread knowledge in the community, where both moving Defendants live and work, of the water contamination at the Prison and the risk of harm it posed. (*See* Doc. 21 at 3, 5, 10.) As the magistrate judge explained:

> Plaintiff has alleged that [moving] Defendants, the Warden and the head of the Health and Safety Division of Wasco State Prison, are responsible for his safety. They also worked and/or resided in Kern County, where the contaminated water issue was reported in the news, newspaper, and media. Additionally, prison officials had previously attempted (and failed) to deal with the contaminated water issue. Liberally construing the allegations in Plaintiff's complaint, these allegations are sufficient to show that Defendants were aware of the contaminated water issue. Despite knowing of the issue and being responsible for it, Defendants have not acted to remedy it.

(*Id*. at 10–11.) Contrary to moving Defendants' assertion (Doc. 23 at 2–3), the Court agrees with the magistrate judge that the Complaint contains sufficient circumstantial allegations to allege knowledge of an excessive serious risk of harm by both moving Defendants. Likewise, the Complaint alleges that moving Defendants failed to act despite this knowledge.

Moving Defendants next object that the findings and recommendations did not "properly account for the other pertinent allegations of the complaint," including allegations that: (1) a remediation plan was put into place to rectify the contamination problem; (2) the remediation plan did not solve the problem; (3) a third Defendant, water system contractor Degough, provided false information to the prison about the nature and extent of the contamination, and (4) Plaintiff's harm would not have occurred were it not for that false information. (Doc. 23 at 3

(citing Doc. 1 at 2–4).) Notably, Plaintiff alleges:

> Scott Degough, the Wasco State Prison Water System Contractor, relayed false information to Wasco State Prison about the true risk and high exposure of Trichloropropane, showing blatant disregard for Plaintiff's life, safety, and health. If defendant Degough would have monitored the increase of this toxin and informed the administration correctly, Plaintiff would not be infected today.

(Doc. 1 at 2.) Though this allegation indicates that Degough may have concealed relevant information from the moving Defendants, there are other allegations in the Complaint that suggest moving Defendants had independent knowledge of the alleged excessive risk. For example, as moving Defendants acknowledge, the Complaint alleges a remedial plan was in place from December 2017 through December 2020, but that the "contamination continues." (Doc. 1 at 3.) Moreover, as mentioned, Plaintiff has alleged community-wide knowledge of the "rampant harm" caused by the contamination and the fact that "citizens have been banned from consuming this water." (*Id.*) Reading all these allegations liberally and together—the existence of a remediation plan, its expiration, the fact that the remediation plan did not solve the problem, and the fact that there was community-wide knowledge of the contamination problem and its respective risks to health—circumstantially supports claims against the moving Defendants in this case, independent of Degough's involvement or potential concealment of specific facts about the contamination. At the motion to dismiss stage, the Court agrees with the magistrate judge that this is sufficient to state an Eighth Amendment claim against the moving Defendants.[1]

      Having carefully reviewed the entire file, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis. Accordingly, IT IS HEREBY ORDERED that:

      1.    The findings and recommendations issued on February 10, 2023, (Doc. 21), are **ADOPTED IN FULL**.

///

---

[1] The Court has read and considered moving Defendants other objections, including their suggestion that the findings and recommendations denied their motion to dismiss simply because the relevant claims survived screening. (See Doc. 23 at 8 n. 2.) The Court does not read the findings and recommendations as having done so and has reviewed their motion under the Rule 12 standard.

2. Defendants Cronjager and Shirley's motion to dismiss (Doc. 20) is **DENIED**.

3. Defendants Cronjager and Shirley have twenty-one days from the date of service of this order to file their answer.

IT IS SO ORDERED.

Dated:   **March 28, 2023**

UNITED STATES DISTRICT JUDGE