UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>        Plaintiff,<br><br>    v.<br><br>H. SHIRLEY, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00938-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT DEGOUGH'S MOTION TO SET ASIDE DEFAULT BE GRANTED AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>(ECF Nos. 28 & 30)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

        Aaron D. Seymour ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This case is proceeding on Plaintiff's Eighth Amendment conditions of confinement claims against defendants Shirley, DeGough, and Cronjager ("Defendants"). (ECF No. 9). Plaintiff alleges that the water at Wasco State Prison is contaminated, and that Defendants have not appropriately responded to the issue. (ECF No. 1).

        On February 27, 2023, at Plaintiff's request (ECF No. 24) and on the Court's direction (ECF No. 25), the Clerk entered default against defendant DeGough (ECF No. 26). On March 1, 2023, defendant DeGough filed a motion to set aside the default. (ECF No. 28). Plaintiff did not file an opposition to the motion, but on March 8, 2023, he filed a motion for default judgement (ECF No. 30). On March 21, 2023, defendant DeGough filed his opposition to Plaintiff's motion for default judgment. (ECF No. 31). Defendant DeGough's motion to set aside the default and

1

Plaintiff's motion for default judgment are now before the Court.

For the reasons described below, the Court will recommend that defendant DeGough's motion to set aside the default be granted. As the Court is recommending that the default be set aside, the Court will also recommend that Plaintiff's motion for default judgment be denied.

## I. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause…." "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id.

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974). See also Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

## II. ANALYSIS

Defendant DeGough argues that the default should be set aside "because setting aside the default will not prejudice Plaintiff, Defendant has meritorious defenses to Plaintiff's claims, and Defendant did not engage in culpable conduct that led to the default." (ECF No. 28, pgs. 6-7). Defendant DeGough argues that there is no prejudice because "default was entered exactly two weeks after an answer was due, therefore early in the case before any party had propounded any discovery. This case has not been set for trial, nor has a deadline for filing a motion for summary judgment or a [] discovery cut-off been set." (Id. at 7). Additionally, defendant DeGough argues

that he has a meritorious defense: he only had a limited role in regards to fixing the comminated water issue, he has worked to remedy the contaminated water issue, and he did not relay false information to Wasco State Prison regarding the contaminated water issue. (Id. at 8). Finally, Defendant DeGough argues that he did not engage in culpable conduct. "In this case, defense counsel simply erred by overlooking the fact that, when a motion to dismiss was filed for two of the three Defendants on February 9, 2023, it was still necessary to file an answer or request for an extension of time to do so for Defendant DeGough by February 13, two weeks before the Clerk was ordered to enter DeGough's default. While, again, defense counsel apologizes for this error, and will ensure she never makes this error again, this was simply an error which, by law, is excusable neglect." (Id. at 9).

Plaintiff did not file an opposition to defendant DeGough's motion to set aside entry of default. Plaintiff did file a motion for default judgment and in that motion he does make allegations regarding evasive actions and bad faith on the part of defendant Degough and/or defense counsel. However, the record does not support Plaintiff's allegations.

Given that default judgments are disfavored, that defendant DeGough indicated an intent to defend this action before default was entered, that there is nothing in the record suggesting that defendant DeGough engaged in culpable conduct, that there is nothing in the record suggesting that Plaintiff will suffer prejudice if the default is set aside, and that defendant DeGough has presented specific facts that would constitute a defense, the Court finds good cause to set aside the default.

As the Court finds good cause to set aside the default, the Court will also recommend that Plaintiff's motion for default judgment be denied. See, e.g., Hampton v. Washington Mut. Bank, Inc., 2019 WL 13043591, at *1 (C.D. Cal. Mar. 28, 2019) (setting aside entries of default and ruling that this mooted the motion for default judgment); Collins v. Barber, 2011 WL 13217941, at *1 (C.D. Cal. Mar. 31, 2011) ("The entry of default is a prerequisite to the entry of a default judgment."); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that Rule 55 requires a "two-step" process).

\\\

## III.     RECOMMENDATIONS AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant DeGough's motion to set aside default (ECF No. 28) be GRANTED;
2. The Clerk's entry of default (ECF No. 26) be set aside and defendant DeGough's answer be treated as properly filed;[1] and
3. Plaintiff's motion for default judgment (ECF No. 30) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 25, 2023**                             /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] In the motion to set aside default, defendant DeGough asks for permission to file his answer, which is attached as an exhibit. (ECF No. 28, p. 6). However, defendant DeGough subsequently filed an answer, along with the other two defendants in this case. (ECF No. 34). Instead of recommending that defendant DeGough re-file his answer, the Court recommends that the answer that he already filed be treated as properly filed.