UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR, | Case No. 1:22-cv-00938-JLT-EPG (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND EXTENSION OF TIME |
| H. SHIRLEY, *et al.*, | |
| Defendants. | (ECF Nos. 60, 62) |

Plaintiff Aaron D. Seymour is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the water at Wasco State Prison is contaminated; the case is currently in discovery. On September 3, 2024, Plaintiff filed motions asking the Court to appoint him *pro bono* counsel (ECF No. 60) and for a 90-day extension of time. (ECF No. 62).[1]

First, Plaintiff asks the Court for an extension of time "to comply with the Court ordered September deadline to submit a witness list and/or expert witness list." (ECF No. 62 at 1). The only court-ordered deadline in September is the close of non-expert discovery on September 16, 2024, set by the Court's scheduling order. (ECF No. 51). This deadline does not require Plaintiff to submit either a witness or an expert witness list. Accordingly, the Court denies Plaintiff's motion for extension of time.

---

[1] The same day, Plaintiff also filed a motion for appointment of expert (ECF No. 61), which the Court will address in a separate order.

1

1    Next, Plaintiff asks the Court to appoint him counsel "to assist with the representation

2  of this case." (ECF No. 60 at 1). Plaintiff states that his access to law library is limited, there

3  will be professional experts and witness Plaintiff does not have access to question, he has not

4  heard back from counsel he reached out to asking for assistance, this case involves complex

5  matters, and that Plaintiff is indigent solely due to his incarceration. (*Id.* at 1–2).

6    Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

7  *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d

8  952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to

9  28 U.S.C. § 1915(e)(1). *Mallard v. U.S. District Court for S.D. Iowa*, 490 U.S. 296, 298 (1989).

10  However, in certain exceptional circumstances the Court may request the voluntary assistance

11  of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

12    Without a reasonable method of securing and compensating counsel, the Court will seek

13  volunteer counsel only in the most serious and exceptional cases. In determining whether

14  "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

15  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

16  complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

17    The Court does not find exceptional circumstances here.  It is too early in the case to

18  determine Plaintiff's likelihood of success on the merits such that the interests of justice require

19  the appointment of counsel. The case is still in discovery. Further, after the review of Plaintiff's

20  pleadings, it appears that the legal issues involved are not extremely complex and that Plaintiff

21  is able to articulate the facts underlying his claims. Accordingly, the Court will deny Plaintiff's

22  request for counsel without prejudice.

23    Accordingly, **IT IS ORDERED** that:

24      1.  Plaintiff's Motion (ECF No. 62) for extension of time is **DENIED**.

25  \\\

26  \\\

27  \\\

28  \\\

2.   Plaintiff's Motion for Appointment of Counsel (ECF No. 60) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 16, 2024**                    /s/ *Erica P. Grosjean*
                                                   UNITED STATES MAGISTRATE JUDGE