UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>      Plaintiff,<br><br>  v.<br><br>H. SHIRLEY, *et al.*,<br><br>      Defendants. | Case No. 1:22-cv-00938-JLT-EPG (PC)<br><br>ORDER FOR SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTION FOR APPOINTMENT OF NEUTRAL EXPERT<br><br>(ECF No. 61) |

Plaintiff Aaron D. Seymour is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the water at Wasco State Prison is contaminated; the case is currently in discovery.

On September 3, 2024, Plaintiff filed a motion asking the Court to appoint a neutral expert. (ECF No. 61). Plaintiff argues that an unbiased, neutral expert would assist the Court and the jury with understanding matters at issue in this case, such as carcinogens in the water, and could analyze "the medical assays, trays, bio-medicals that are at the center of this claim." (ECF No. 61 at 1–2).

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Walker v.* American *Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a).  Additionally, the Rule states "The expert is entitled to a

1

reasonable compensation, as set by the court. The compensation is payable as follows . . . by the parties in the proportion and at the time that the court directs — and the compensation is then charged like other costs."  Fed. R. Evid. 706 (c)(2).  While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706(c)(2); *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," *Manriquez v. Huchins*, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," *Faletogo v. Moya*, 2013 WL 524037, at *2 (S.D. Cal. 2013).

With these legal standards in mind, the Court orders the following briefing schedule for Plaintiff's motion for appointment of an expert witness.

Accordingly, **IT IS ORDERED** that:

1. Within two weeks of this Order, Defendants shall file a response to Plaintiff's Motion (ECF No. 61) for appointment of neutral expert. If no response is filed by that date, the Court will consider Plaintiff's motion unopposed.

2. Plaintiff may file a Reply two weeks after Defendants' response, if any is filed.

IT IS SO ORDERED.

Dated:   **September 16, 2024**                     /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE