UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HEATHER SHIRLEY, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00938-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION COURT-APPOINTED MEDICAL EXPERT<br><br>(ECF No. 61) |

Plaintiff Aaron Seymour (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises from his Eighth Amendment conditions of confinement claim that the water at Wasco State Prison (WSP) is contaminated with Trichloropropene (TCP).

Before the Court is Plaintiff's motion for a court-appointed medical expert. Upon review, the Court denies Plaintiff's motion for a court-appointed medical expert.

**I.   BACKGROUND**

　**A.   Procedural History**

In his complaint filed on July 29, 2022, Plaintiff alleges he was exposed to water contaminated with TCP, a chemical toxic carcinogen, while housed at WSP. (ECF No. 1). Plaintiff alleges that exposure to TCP caused him to suffer severe kidney pain, paralysis, nausea, numbness in his limbs, hair loss, eye irritation, headaches, rashes, highly elevated prostate specimen antigens, and extreme emotional distress. (*Id*. at p. 2.)

1

This Court screened Plaintiff's complaint and found that Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Shirley, Degough, and Cronjager (Defendants) should proceed past screening. (ECF No. 9).

On January 10, 2025, Defendants moved for summary judgment, in part, on the grounds that Plaintiff cannot establish his conditions of confinement claim because the water at WSP is not dangerously contaminated, and Plaintiff did not suffer the medical conditions he alleges he experienced from drinking the water. (ECF No. 75).

On June 17, 2025, this Court recommended that Defendants' motion for summary judgment be granted. (ECF No. 81)

### B. Plaintiff's Motion for Court-Appointed Medical Expert

On September 3, 2024, Plaintiff filed a motion for a court-appointed expert witness. (ECF No. 61). Plaintiff argues that an expert is necessary regarding "the carcinogenics (sic) in the water, the toxins, poisons, etc." (*Id*. at p. 2). Plaintiff also argues that an expert is necessary "to analyze the medical assays, trays, bio-medicals, that are the center of this claim." (*Id*.)

### C. Defendants' Opposition

Defendants filed an opposition on October 14, 2024. (ECF No. 70). Defendants argue that Plaintiff is seeking an expert to rebut defense evidence rather than to act as a neutral expert assisting the factfinder. Defendants argue that the goal of Plaintiff's motion "is to rebut expert testimony Defendants presents." (*Id*. at p. 5). Defendants also argue that Plaintiff has not demonstrated that an expert is necessary based on the issues presented in this case.

## II.   LEGAL STANDARD

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706(a) states, "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a).

Court-appointed experts are typically used in complex litigation to assist the finder of fact. *See Walker*, 180 F.3d at 1071 (appointing a physician expert witness where medical testimony was not "particularly clear"); *see also Wilkins v. Barber*, 562 F.Supp.3d 943, 945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand."); *see also Faletogo v. Moya*, No. 12CV631 GPC WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); *Brooks v. Tate,* No. 1:11-CV-01503 AWI, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) ("Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. . . .").

### III.   ANALYSIS

The Court turns to Plaintiff's motion for a neutral court-appointed medical expert. Plaintiff has not demonstrated that the appointment of an expert is necessary in the present case. Although Plaintiff references the need to "analyze the medical assays, trays, biomedicals," he does not establish the relevance or complexity of the medical data to show that an expert is required to discuss those issues. Plaintiff's use of these terms, without more, does not show that this case is sufficiently complex to require an expert.

Further, while Plaintiff states he is seeking a neutral expert, Plaintiff's arguments demonstrate that he is seeking an expert who can testify to support his position while also rebutting the defense's position. Plaintiff argues that a court-appointed expert is necessary based on the resource disparity between the parties. Plaintiff also argues that an expert is necessary "to measure either side's facts [and] evidence." (ECF No 61 at p. 1). Plaintiff's arguments show he is seeking an appointment for an expert to weigh in on or rebut Defendants' experts or evidence. Rule 706(a), however, does not contemplate the appointment of an expert to assist one party to the detriment of the other side. Moreover, a party is not entitled to a court-appointed expert.

Plaintiff's motion should also be denied because Defendants presented expert opinions in conjunction with their motion for summary judgment that thoroughly explain and examine the relevant issues in the case, including an expert industrial hygienist's conclusion that Plaintiff was not exposed to enough TCP from Wasco State Prison's water supply to cause any acute or chronic adverse health effects. (*See* ECF No. 75-1 and 75-6). Specifically, Defendants submitted the declaration of Nancy M. McClellan, a certified industrial hygienist and certified hazardous materials manager, who explained that she calculated Plaintiff's TCP exposure by accepting as true Plaintiff's testimony that "throughout his months as an inmate at Wasco State Prison, he showered more than one hour every day, washed his face for 15 minutes every day, and was exposed to Wasco State Prison water for an hour every day as part of his plumbing maintenance work assignment. Also, I overestimated Seymour's daily ingestion of water by doubling the average person's typical water ingestion." (ECF No. 75-6, McClellan ¶ 4). McClellan concluded that Plaintiff's exposure to TCP at WSP is calculated to be "one thousand times less than the lowest allowed United States Environmental Protection Agency (EPA) reference dose. The EPA's reference dose is the daily exposure of TCP that a person can be exposed to on a daily basis that is not anticipated to cause adverse health effects over a lifetime." (*Id*. ¶ 6).

Defendants also submitted the declaration of A. Youssef, the Chief Medical Executive at WSP. (ECF No. 75-8). Youssef stated that WSP medical staff routinely tested Plaintiff's creatine levels to evaluate his kidney function and found that Plaintiff's "creatinine levels remained stable and continued along a downward trajectory consistent with improved kidney function." (*Id*., Youssef Decl. ¶ 11). Youssef also opines that Plaintiff's test results for prediabetes were consistent, Plaintiff's prostate-specific antigen tests results were normal, and any complained-of condition was not caused by Plaintiff's time at WSP. (*Id*. ¶¶ 12-13). Youseff opined that: "There is no evidence to establish that exposure to TCP caused any of the conditions Seymour alleges was caused by his exposure to TCP. Indeed, Seymour's claimed symptoms either do not exist, pre-existed his incarceration at Wasco State Prison, or are more easily explained through different and more common medical diagnoses." (*Id.* ¶ 14).

While Plaintiff may not agree with those conclusions, their opinions are well explained and understandable to the court without the need for further appointment of an expert. Plaintiff does not argue that an expert is needed for the factfinder to understand these opinions or the issues in this case—rather Plaintiff seeks an expert to rebut these opinions in his own favor. But that is not the proper role of an appointed expert under Rule 706(a).

Accordingly, Plaintiff's motion for a court-appointed medical expert is denied.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's motion for a court-appointed medical expert (ECF No. 61) is DENIED.

IT IS SO ORDERED.

Dated:   **July 17, 2025**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

5