UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER SHIRLEY, et al.,<br><br>Defendants. | No. 1:22-cv-00938 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Docs. 75, 81.) |

This case proceeds on Plaintiff's Eighth Amendment conditions of confinements claims against Shirley, Cronjager, and DeGough, stemming from Plaintiff's allegations that the water at Wasco State Prison (WSP) is dangerously contaminated with 1, 2, 3, trichloropropane (TCP). (Doc. 1.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 17, 2025, the assigned magistrate judge issued findings and recommendations that Defendants' Motion for Summary Judgment be granted. (Doc. 81.) The magistrate judge reasoned that Defendants presented sufficient evidence to meet their burden of showing that there is no genuine issue of material fact, and that Plaintiff did not produce evidence from which a jury could reasonably render a verdict in his favor. (*Id.* at 9, 11.) On July 9, 2025, Plaintiff filed objections. (Doc. 82.) On July 15, 2025, Defendants filed a reply. (Doc. 83.)

According to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and

1 | recommendations are supported by the record and proper analysis. The magistrate judge correctly
2 | concluded that Defendants, through their expert witnesses, presented competent evidence
3 | indicating that Plaintiff was not exposed to harmful levels of TCP during his time at WSP,
4 | notwithstanding the fact that TCP levels at times exceeded the 5 ug/L maximum contaminant
5 | level (MCL) for TCP in drinking water. (Doc. 81 at 7–9.) In addition, the magistrate judge
6 | correctly concluded that the evidence and arguments Plaintiff presented in opposition to summary
7 | judgment failed to create a material dispute of fact as to liability under the Eighth Amendment.
8 | (*Id*. at 9–11.)

Plaintiff's objections are without merit. He argues that because he was an inmate day laborer he was an employee covered by the "Early Intervention Program" (EIP), an employee benefit entitling him to certain protections from hazardous chemicals. (Doc. 82 at 2.) Even assuming the EIP covers exposure to toxic chemicals, the existence of that program has no apparent bearing on an Eighth Amendment conditions of confinement claim. Plaintiff's remaining objections are premised upon inaccurate descriptions of the factual record, inadmissible evidence about remedial measures, or caselaw that is distinguishable. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on June 17, 2025, (Doc. 81), are **ADOPTED IN FULL**.
2. Defendants' motion for summary judgment, (Doc. 75), is **GRANTED**.
3. Judgment is entered in Defendants' favor, and that the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 1, 2025**

UNITED STATES DISTRICT JUDGE